UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIRNA BEULAH, | ) | CASE NO. 1:20-cv-02271 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| KILOLO KIJAKAZI, *Acting Comm'r of Soc. Sec.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Amanda M. Knapp. (R. 20). On October 8, 2020, Plaintiff Virna Beulah filed her Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income. Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge.

On March 25, 2022, the Magistrate Judge issued her Report and Recommendation, recommending the Court VACATE and REMAND the Commissioner's decision. (R. 20). Objections to the Report and Recommendation were due by April 8, 2022. No objections have been filed as of this date.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec.*, 2022 WL 219327, at *1 (N.D. Ohio, Jan. 25, 2022) (Lioi, J.) (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, the Report and Recommendation placed the

parties on notice as to the potential for forfeiture in the event of failure to object. (R. 20, PageID# 3438).

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 20) is hereby ADOPTED, the Commissioner's decision is VACATED, and the case is REMANDED for further proceedings consistent with this Opinion. On remand, the ALJ shall issue a new decision that assesses the treating source opinion of Dr. Wilkes in connection with the relevant record evidence and the pertinent standard of review.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: May 20, 2022